UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ADAM HENNINGTON                                                      PLAINTIFF

VS.                                       CIVIL ACTION NO. 3:09cv569-DPJ-FKB

AMERICAN EXPRESS CO., ET AL.                               DEFENDANTS

**<u>ORDER</u>**

This matter is before the Court on Defendant Nationwide Credit Inc.'s Motion to Dismiss [8] filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court, having fully considered the parties' submissions and the applicable authority, finds that the motion is well taken and should be granted. The Complaint as to this defendant will be dismissed without prejudice.

I.      Facts/Procedural History

According to Plaintiff's Complaint, Defendant American Express Co. ("American Express") made a demand against Plaintiff for an alleged debt. That debt was referred to Defendant Nationwide Credit Inc. ("Nationwide") for collection, and on June 12, 2009, Nationwide called Plaintiff to attempt to collect. Plaintiff's counsel then notified Nationwide that he represented Plaintiff with respect to the debt, and Nationwide made no further contact. The Complaint avers that Nationwide knew Plaintiff was represented and therefore this single contact violated the Fair Debt Collection Practices Act (FDCPA), specifically 15 U.S.C. § 1692c(a)(2). Nationwide seeks dismissal. Federal question jurisdiction exists, and the motion is now ripe for consideration.

II.   Analysis

   A.   Standard

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

Regardless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).[1]

B.    Motion to Dismiss

Plaintiff claims that Nationwide, a debt collector under the FDCPA, contacted him despite knowing that he was represented by counsel. Before turning to the averments of the Complaint, it is necessary to address a threshold issue–can the creditor's knowledge of the representation be imputed to the debt collector. If so, then arguably the factual averments contained in the Complaint would be sufficient to survive a motion under Rule 12(b)(6).

1.    Knowledge Under the FDCPA

Section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer regarding the collection of debt, without the consumer's consent or a court's permission

> if the debt collector *knows* the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

---

[1] Plaintiff's response to the present motion misconstrues the current state of the law. He argues that dismissal is not warranted unless he can prove "no set of facts" in support of his claim. Pl.'s Resp. at 2. This "no set of facts" test was expressly rejected in *Twombly* "as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 544. Plaintiff also argues repeatedly that Defendant has failed to offer evidence proving its contentions in the motion to dismiss, but again this misses the mark. The question is whether the Complaint survives under Rule 12(b)(6), not whether Defendant presented evidence establishing a lack of liability.

15 U.S.C. § 1692c(a)(2) (emphasis added).  Plaintiff rests his imputed knowledge theory on two cases from a single district court judge in New York.  *See Micare v. Foster & Garbus*, 132 F. Supp. 2d 77, 80 (N.D. N.Y. 2001) (finding that creditor's knowledge of representation can be imputed to the debt collector); *Powers v. Prof'l Credit Servs., Inc.*, 107 F. Supp. 2d 166, 169 (N.D. N.Y. 2000) (same).

Several courts have rejected *Micare* and *Powers*.  *See, e.g.*, *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005).  One court that did follow these cases, *Alexander v. Unlimited Progress Corp.*, No. 02 C 2063, 2003 WL 1562234, at *8 (N.D. Ill. Mar. 24, 2003), was later reversed by the Seventh Circuit Court of Appeals in a consolidated appeal.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004).  Having reviewed the issue, this Court concludes that § 1692c(a)(2) requires actual knowledge.

When interpreting a statute, the natural starting point is the language itself.  It is fundamental that "the words of a statute will be given their plain meaning absent ambiguity." *Tex. Food Indus. Ass'n v. U.S. Dep't of Agric.*, 81 F.3d 578, 582 (5th Cir. 1996).  The statute at issue plainly states that liability exists only if "the debt collector knows the consumer is represented."  15 U.S.C. § 1692c(a)(2).  Nothing suggests a congressional intent to hold a debt collector liable when it does not actually know the debtor is represented.  Moreover, courts "abide by the well-established maxim of interpretation that legal terms not defined in a statute are ordinarily presumed to convey their customary legal meaning." *Aviall Servs., Inc. v. Cooper Indus., Inc.*, 263 F.3d 134, 148 (5th Cir. 2001).  The concept of actual versus imputed knowledge has been a mainstay of our jurisprudence.  Moreover, the general rule is that "[n]otice of facts that a principal knows or has reason to know is not imputed downward to an agent."

4

Restatement (Third) of Agency § 5.03 cmt. g (2006); *see also Schmitt*, 398 F.3d at 997 (holding that the "theory of implied knowledge contradicts established agency law, which dictates that while the knowledge of the agent is imputed to the principal, the converse is not true" (citations omitted)).[2] Had Congress wished to create liability based on anything other than actual knowledge, it could have easily accomplished that goal.[3]

For this and other reasons, a majority of decisions hold that a debt collector must have actual knowledge of the representation. *See Schmitt*, 398 F.3d at 997; *Randolph*, 368 F.3d at 729-30; *Offril v. J.C. Penny Co.*, No. C 08-5050 PJH, 2009 WL 69344, at *3 (N.D. Cal. Jan. 9, 2009); *Bianchi v. The Bureaus, Inc.*, No. 05 C 5769, 2008 WL 597587, at *2 (N.D. Ill. Feb. 27, 2008); *McKeown v. Mary Jane M. Elliott P.C.*, No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D. Mich. Dec. 10, 2007); *Crouch v. J.J. Marshall & Assocs.*, No. 1:07-cv-477, 2007 WL 3173975, at *2 (W.D. Mich. Oct. 26, 2007); *Gorman v. Wolpoff & Abramson, LLP*, 435 F. Supp. 2d 1004, 1011 (N.D. Cal. 2006), *aff'd in part and rev'd in part on other grounds*, 584 F.3d 1147 (9th Cir. 2009); *Buffington v. Schuman & Schuman, P.C.*, No. 00CV1620HGM/GJD, 2001 WL

---

[2]This assumes, *arguendo*, that debt collectors are agents and not independent contractors for whom no knowledge would be imputed. Some cases, however, hold that debt collectors are not agents. *See, e.g., Randolph*, 368 F.3d at 729.

[3]Plaintiff also asserts that Nationwide could have discovered the representation or that it failed to maintain procedures that would have discovered it. *See* Compl. ¶ 12. However, liability is premised solely on § 1692c(a)(2) which makes no reference to these theories. Again, had Congress intended to adopt what amounts to constructive knowledge, it would have presumably stated that liability exists when the defendant knew *or should have known* of the representation. Such an articulation of this common law concept appears in dozens of statutes. *See, e.g.*, 7 U.S.C. § 6k. Finally, procedures are relevant under § 1692k(c) of the FDCPA, but that section provides an affirmative defense to debt collectors if "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

5

34082273, at *2 (N.D. N.Y. Feb. 21, 2001); *Carroll v. Fia Card Servs.* (*In re Carroll*), 400 B.R. 497, 502 (Bankr. N.D. W. Va. 2008) (collecting cases). This court follows the majority construction.

2. Has Actual Knowledge Been Adequately Pled

Turning to the precise language of the Complaint, the key averments as to Nationwide appear in paragraph 12, in which Plaintiff alleges that

> [a]t the time Nationwide Credit, Inc. contacted Plaintiff, it *knew* Plaintiff was represented by an attorney with respect to the alleged debt and had knowledge of, or could readily ascertain the name and address of Plaintiff's attorney. Alternatively, said defendant failed to maintain procedures reasonably adapted to avoid such error.

Compl. ¶ 12 (emphasis added). As Nationwide notes, this averment tracks the statutory language and offers nothing more than conclusory assertions that are unworthy of the presumption of truth and insufficient under the Federal Rules of Civil Procedure. *Iqbal*, 129 S. Ct. at 1949. Moreover, there are no other factual allegations demonstrating actual knowledge and no averments indicating whether the Complaint is premised on actual as opposed to imputed (or constructive) knowledge. Because imputed and/or constructive knowledge are not legally cognizable under § 1692c(a)(2), the averments of the Complaint are not sufficient to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

III. Conclusion

Based on the foregoing, the Court finds that Defendant Nationwide's motion to dismiss should be granted. However, given the basis for this ruling, the dismissal will be without

6

prejudice to Plaintiff's right to file an amended complaint. *See Piotrowski v. City of Houston*, 51 F.3d 512, 518 n.4 (5th Cir. 1995).

**SO ORDERED AND ADJUDGED** this the 29th day of March, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE